IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NICOLE TOKARSKI, on behalf of herself and all others similarly situated, | NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| MED-DATA, INC., | |
| Defendant. | |

Plaintiff Nicole Tokarski, individually and on behalf of the proposed class, brings this action against Defendant Med-Data, Inc., and submits her Class Action Complaint as follows:

## INTRODUCTION

1.      Plaintiff brings this action against Med-Data for its failure to protect her sensitive personal information, including health information, and the sensitive personal information, including health information, of others similarly situated, and for its failure to timely advise Plaintiff and others similarly situated of a data breach which occurred over the span of approximately 10 months. Med-Data had access to such sensitive information through contracts it had with healthcare providers.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**PARTIES**

2.      Plaintiff is a resident of Yellowstone County, Montana.

3.      Med-Data is a for-profit corporation organized under the laws of Washington with offices in Bellevue, WA, with its principal place of business in Texas.

**JURISDICTION & VENUE**

4.      This Court has jurisdiction pursuant to RCW 2.08.010 because Plaintiff seeks damages in excess of three hundred dollars and as an action to enforce the Consumer Protection Act under RCW 19.86.090.

5.      Venue is proper in King County pursuant to RCW 4.12.025 because Defendant is located in and transacts business in King County.

**COMMON ALLEGATIONS**

6.      On March 31, 2021, Med-Data sent a letter to Plaintiff advising her of a "data security incident" (the Data Breach) which may have impacted her sensitive personal information, including health information.  Med-Data received this sensitive personal information from a health care provider in Yellowstone County, Montana. Med-Data provides revenue cycle services to health care providers and in so doing performs services under a contract between health care providers and their patients.

7.      According to Med-Data's letter, on December 10, 2020, an independent journalist informed Med-Data that some data related to its business had been uploaded to a public facing website.  On December 14, 2020, the journalist provided to Med-Data a link to the website, after which Med-Data launched an internal investigation.  The investigation reportedly revealed that an employee of Med-Data, while employed by Med-Data, had saved business files on the website sometime between December 2018 and September 2019.  Med-Data claimed that the files were removed from the website on December 17, 2020.

8.      According to Med-Data's letter, Med-Data hired cybersecurity specialists to assist in the review of the files to determine what information was included.  On February 5,

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    2021, the cybersecurity specialists completed their review and provided Med-Data a list of

2    impacted individuals.  The investigation determined that Plaintiff's sensitive personal

3    information may have been impacted by the Data Breach, including Plaintiff's name, physical

4    address, date of birth, health conditions, diagnoses, claims information, dates of service, and

5    subscriber identification (which may have included Plaintiff's social security number).

6          9.      Although Med-Data did not identify the website to Plaintiff in its letter, Plaintiff

7    is informed and believes that the website was GitHub Arctic Code Vault, which is an open-

8    source, public data repository.

9          10.     Upon information and belief, Med-Data notified Plaintiff's health care provider

10   of the Data Breach on February 8, 2021.

11         11.     Upon information and belief, Med-Data did not inform the Department of

12   Public Health & Human Services and the affected patients of the Data Breach until March 31,

13   2021.

14         12.     It is unknown why Med-Data did not immediately contact Plaintiff and others

15   similarly situated to advise them of the Data Breach.

16         13.     Med-Data was aware, or reasonably should have been aware, that a patient's

17   sensitive personal information is of significant value to those who would use it for wrongful

18   purposes.

19         14.     Personal health information is especially valuable on the black market and

20   companies that store large amounts of this information are prime targets of cyber criminals

21   who seek to obtain this information.

22         15.     A "cyber black market" exists in which criminals openly post stolen social

23   security numbers and other personal information on multiple underground websites on the

24   Dark Web.  Identity thieves can use sensitive personal information, such as that of Plaintiff

25   and others similarly situated, to perpetrate a variety of crimes.

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS ACTION COMPLAINT - 3

16.     Personal health information can be used not only to commit identity theft (like opening new credit accounts or filing false tax returns), but also to commit medical identity theft and fraud like stealing prescription drugs or creating false medical IDs. Medical data is particularly valuable because unlike financial information—like credit card numbers—which can often be quickly changed, medical data is static.

17.     The ramifications of Med-Data's failure to keep the affected patients' sensitive personal information secure are long lasting and severe. Once sensitive personal information is stolen, fraudulent use of that information and damage to the affected patients may continue for years. As explained by the Federal Trade Commission:

> Medical ID thieves may use your identity to get treatment – even surgery – or to bilk insurers by making false claims. Repairing damage to your good name and credit record can be difficult enough, but medical ID theft can have other serious consequences. If a scammer gets treatment in your name, that person's health problems could become a part of your medical record. It could affect your ability to get medical care and insurance benefits and could even affect decisions made by doctors treating you later on. The scammer's unpaid medical debts also could end up on your credit report.[1]

Also, as reported by CreditCards.com:

> The Ponemon Institute found that 36 percent of medical ID theft victims pay to resolve the issue, and their out-of-pocket costs average nearly $19,000. Even if you don't end up paying out of pocket, such usage can wreak havoc on both medical and credit records, and clearing that up is a time-consuming headache. That's because medical records are scattered. Unlike personal financial information, which is consolidated and protected by credit bureaus, bits of your medical records end up in every doctor's office and hospital you check

[1] Federal Trade Commission, *Medical ID Theft: Health Information for Older People*, available at www.consumer.ftc.gov/articles/0326-medical-id-theft-health-information-older-people (accessed November 8, 2019).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

into, every pharmacy that fills a prescription and every facility that processes payments for those transactions.[2]

18.     According to Med-Data's letter, Med-Data is offering affected patients 12 months of identity theft protection services.  Such an offer is inadequate to protect Plaintiff and others similarly situated.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this lawsuit as a class action on her own behalf and on behalf of all other persons similarly situated as members of the proposed Class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and/or (b)(1), (b)(2), and/or (c)(4).  This action satisfies the numerosity, commonality, typicality, predominance, and superiority requirements.

20.     The proposed Class is defined as:

> All persons whose personal information was compromised as a result of the breach of Med-Data's electronic information systems.

Plaintiff reserves the right to modify, change, or expand the Class definition, including proposing subclasses, based on discovery and further investigation.

## NUMEROSITY AND ASCERTAINABILITY

21.     The size of the Class cannot yet be estimated with reasonable precision, but based on the size of Med-Data and because the breach is reported to have affected patients across the country, the number is great enough that joinder is impracticable.

22.     The disposition of the Class members' claims in a single action will provide substantial benefits to all parties and to the Court.

---

[2] Cathleen McCarthy, CreditCards.com, *How to Spot and Prevent Medical Identity Theft*, available at www.creditcards.com/credit-card-news/spot-prevent-medical-identity-theft-1282.php (accessed November 8, 2019).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

23. The Class members are readily ascertainable from information and records in the possession, custody, or control of Med-Data. Notice of this action can be readily provided to the Class.

## TYPICALITY

24. Plaintiff's claims are typical of the claims of all Class members in that the sensitive personal information of the representative Plaintiff, like that of all Class members, was compromised in the Data Breach.

## ADEQUACY OF REPRESENTATION

25. Plaintiff is a member of the proposed Class and will fairly and adequately represent and protect its interests. Plaintiff's counsel are competent and experienced in class action and privacy litigation and will pursue this action vigorously. Plaintiff has no interests contrary to or in conflict with the interests of the other Class members.

## PREDOMINANCE OF COMMON ISSUES

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

a. Whether Med-Data had a duty to implement reasonable cyber security measures to protect Plaintiff and Class members' sensitive, personal information and to promptly alert them if such information was compromised;

b. Whether Med-Data breached its duties by failing to take reasonable precautions to protect Plaintiff's and Class members' sensitive personal information;

c. Whether Med-Data acted negligently by failing to implement reasonable data security practices and procedures;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3

        d.     Whether Med-Data violated RCW 19.255.010(1) by failing to promptly notify Plaintiff and Class members that their sensitive personal information had been compromised in the Data Breach; and

4
5
6

        e.     Whether Med-Data's failures to implement reasonable data security practices and procedures and to timely notify Plaintiff and Class members of the Data Breach violates Washington's Consumer Protection Act, RCW 19.86, *et seq.*

7

**SUPERIORITY**

8
9
10
11
12

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. Because of the relatively small size of the individual Class members' claims, it is likely that few, if any, Class members could afford to seek redress for Defendants' violations.

13
14
15

28.     Class treatment of common questions of law and fact would also be a superior method to piecemeal litigation in that class treatment will conserve the resources of the courts and will promote consistency and efficiency of adjudication.

16
17
18
19
20
21
22

29.     Classwide declaratory, equitable, and injunctive relief is appropriate under Rule 23(b)(1) and/or (b)(2) because Med-Data has acted on grounds that apply generally to the Class, and inconsistent adjudications would establish incompatible standards and substantially impair the ability of Class members and Defendants to protect their respective interests. Classwide relief assures fair, consistent, and equitable treatment of Class members and Defendants.

23

**FIRST CAUSE OF ACTION**

24

**Negligence**

25
26

30.     Plaintiff incorporates the above allegations as if fully set forth here.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    31.    Med-Data collected from Plaintiff and the Class members their names, physical

2    addresses, dates of birth, health conditions, diagnoses, claims information, dates of service,

3    and subscriber identifications (which may have included their social security numbers).  Med-

4    Data therefore owed Plaintiff and Class members a duty of reasonable care to preserve and

5    protect the confidentiality of the sensitive personal information they collected.  This duty

6    included, among other obligations, taking reasonable security measures to safeguard and

7    adequately secure from unauthorized access the sensitive personal information of Plaintiff

8    and the Class members.

9    32.    Plaintiff and the Class members were the foreseeable victims of Med-Data's

10   inadequate cyber security.  The natural and probable consequence of Med-Data failing to

11   adequately secure their information networks was the unauthorized access of Plaintiff's and

12   the Class members' sensitive personal information.

13   33.    Med-Data knew or should have known that Plaintiff's and the Class members'

14   sensitive personal information was an attractive target for cyber thieves.

15   34.    Med-Data had the ability to sufficiently guard against data breaches.

16   35.    Med-Data breached its duty to exercise reasonable care in protecting Plaintiff's

17   and the Class members' sensitive personal information by failing to take reasonable security

18   measures to safeguard and adequately secure from unauthorized access the sensitive

19   personal information of Plaintiff and the Class members.

20   36.    Under RCW 19.255.010(1), Med-Data also owed a duty to timely disclose to

21   Plaintiff and the Class members that their sensitive personal information had been, or was

22   reasonably believed to have been, compromised.  Timely disclosure was necessary so that

23   Plaintiff and the Class members could, among other things: (1) purchase identity protection,

24   monitoring, and recovery services; (2) flag asset, credit, and tax accounts for fraud, including

25   by reporting the theft of their social security numbers to financial institutions, credit agencies,

26   and the IRS; (3) purchase or otherwise obtain credit reports; (4) place or renew fraud alerts on

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   a quarterly basis; (5) routinely monitor loan data and public records; and (6) take other steps

2   to protect themselves and recover from identity theft.

3       37.     Med-Data breached its duty to timely disclose the Data Breach to Plaintiff and

4   the Class members.  After learning of the Data Breach, Med-Data unreasonably delayed in

5   notifying Plaintiff and the Class members of the Data Breach.

6       38.     There is a close connection between Med-Data's failure to employ reasonable

7   security protections and the injuries suffered by Plaintiff and the Class members.  When an

8   individual's sensitive personal information is stolen, she faces a heightened risk of identity

9   theft and need to: (1) purchase identity protection, monitoring, and recovery services; (2) flag

10  asset, credit, and tax accounts for fraud, including by reporting the theft of her social security

11  numbers to financial institutions, credit agencies, and the IRS; (3) purchase or otherwise

12  obtain credit reports; (4) monitor credit, financial, utility, explanation of benefits, and other

13  account statements on a monthly basis for unrecognized credit inquiries and charges; (5)

14  place and renew credit fraud alerts on a quarterly basis; (6) contest fraudulent charges and

15  other forms of identity theft; (7) repair damage to credit and financial accounts; and (8) take

16  other steps to protect themselves and recover from identity theft and fraud.

17      39.     The policy of preventing future harm strongly disfavors application of the

18  economic loss rule, particularly given the extremely sensitive data entrusted to Med-Data.

19  Med-Data had an independent duty in tort to protect this data and thereby avoid reasonably

20  foreseeable harm to Plaintiff and the Class members.

21      40.     As a result of Med-Data's negligence, Plaintiff and the Class members have

22  suffered damages that have included or may, in the future, include, without limitation: (1) loss

23  of the opportunity to control how their sensitive personal information is used; (2) diminution

24  in the value and use of their sensitive personal information entrusted to Med-Data with the

25  understanding that Med-Data would safeguard it against theft and not allow it to be accessed

26  and misused by third parties; (3) the compromise and theft of their sensitive personal

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   information; (4) out-of-pocket costs associated with the prevention, detection, and recovery

2   from identity theft and unauthorized use of financial accounts; (5) costs associated with the

3   ability to use credit and assets frozen or flagged due to credit misuse, including increased

4   costs to use credit, credit scores, credit reports, and assets; (6) unauthorized use of

5   compromised sensitive personal information to open new financial and other accounts; (7)

6   continued risk to their sensitive personal information, which remains in Med-Data's

7   possession and is subject to further breaches so long as Med-Data fails to undertake

8   appropriate and adequate measures to protect the sensitive personal information in its

9   possession; and (8) future costs in the form of time, effort, and money they will expend to

10  prevent, detect, contest, and repair the adverse effects of their personal information being

11  stolen in the Data Breach.

12  **SECOND CAUSE OF ACTION**

13  **Invasion of Privacy (Intrusion Upon Seclusion)**

14

15      41.     Plaintiff incorporates the above allegations as if fully set forth here.

16      42.     Plaintiff and the Class members reasonably expected that the sensitive

17  personal information entrusted to Med-Data would be kept private and secure and would not

18  be disclosed to any unauthorized third party or for any improper purpose.

19      43.     Med-Data unlawfully invaded the privacy rights of Plaintiff and the Class

20  members by:

21          a.      failing to adequately secure their sensitive personal information from

22  disclosure to unauthorized third parties or for improper purposes;

23          b.      enabling the disclosure of personal and sensitive facts about them in a

24  manner highly offensive to a reasonable person; and

25          c.      enabling the disclosure of personal and sensitive facts about them

26  without their informed, voluntary, affirmative, and clear consent.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

44.     A reasonable person would find it highly offensive that Med-Data, having collected Plaintiff's and the Class members' sensitive personal information, failed reasonably to protect that information from unauthorized disclosure to third parties.

45.     In failing to adequately protect Plaintiff's and the Class members' sensitive personal information, Med-Data acted in reckless disregard of their privacy rights.  Med-Data knew or should have known that its ineffective security measures, and the foreseeable consequences thereof, are highly offensive to a reasonable person in Plaintiff's and the Class members' position.

46.     Med-Data violated Plaintiff's and the Class members' right to privacy under the common law.

47.     Med-Data's unlawful invasions of privacy damaged Plaintiff and the Class members.  As a direct and proximate result of Med-Data's unlawful invasions of privacy, Plaintiff and the Class members suffered significant anxiety and distress, and their reasonable expectations of privacy were frustrated and defeated. Plaintiff and the Class Members seek actual and nominal damages for these invasions of privacy.

### THIRD CAUSE OF ACTION

### Washington Data Breach Notice Act
### RCW 19.255, *et seq.*

48.     Plaintiff incorporates the above allegations as if fully set forth herein.

49.     Med-Data is a business within the meaning of RCW 19.255.010(1).

50.     Med-Data is required to accurately notify Plaintiff and the Class members following discovery or notification of the breach of their data security systems if personal information was, or is reasonably believed to have been acquired by an unauthorized person and the personal information was not secured, in the most expedient time possible and without unreasonable delay under RCW 19.255.010(1), (8).

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    51.    Because Med-Data discovered a breach of its data systems in which Plaintiff's

2    and Class members' personal information was, or is reasonably believed to have been,

3    acquired by an unauthorized person and the personal information was not secured, Med-Data

4    had an obligation to disclose the Data Breach in a timely and accurate fashion.

5    52.    By failing to disclose the Data Breach in a timely and accurate manner, Med-

6    Data violated RCW 19.255.010(1).

7    53.    As a direct and proximate result of Med-Data's violations of RCW

8    19.255.010(1), Plaintiff and the Class members suffered damages, as described above.

9    54.    Plaintiff and the Class members seek relief under RCW 19.255.040(3)(a) and

10   19.255.040(3)(b), including nominal damages, actual damages, and injunctive relief.

11                        **FOURTH CAUSE OF ACTION**

12                  **Washington Consumer Protection Act,**
                    **RCW 19.86, *et seq.***
13

14   55.    Plaintiff incorporates the above allegations as if fully set forth herein.

15   56.    Med-Data is a person within the meaning of the Washington Consumer

16   Protection Act, RCW 19.86.010 and it conducts "trade" and "commerce" within the meaning

17   of RCW 19.86.010(2).

18   57.    Plaintiff and the Class members are "persons" within the meaning of RCW

19   19.86.010(1).

20   58.    Med-Data engaged in unfair or deceptive acts or practices in the conduct of its

21   business by the conduct set forth above. These unfair or deceptive acts or practices include

22   the following:

23        a.    failing to adequately secure Plaintiff's and the Class members' sensitive

24   personal information from disclosure to unauthorized third parties or for improper purposes;

25        b.    enabling the disclosure of personal and sensitive facts about Plaintiff

26   and the Class members in a manner highly offensive to a reasonable person;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1            c.     enabling the disclosure of personal and sensitive facts about Plaintiff

2    and the Class members without their informed, voluntary, affirmative, and clear consent;

3            d.     omitting, suppressing, and concealing the material fact that Defendant

4    did not reasonably or adequately secure Plaintiff's and the Class members' sensitive personal

5    information; and

6            e.     Failing to disclose the Data Breach in a timely and accurate manner.

7        59.    Med-Data's systematic acts or practices are unfair because these acts or

8    practices (1) caused substantial financial injury to Plaintiff and the Class members; (2) are not

9    outweighed by any countervailing benefits to consumers or competitors; and (3) are not

10   reasonably avoidable by consumers.

11       60.    Med-Data's systematic acts or practices are unfair because the acts or practices

12   are immoral, unethical, oppressive, and/or unscrupulous.

13       61.    Med-Data's systematic acts or practices are deceptive because they were and

14   are capable of deceiving a substantial portion of the public.

15       62.    Med-Data's unfair or deceptive acts or practices have repeatedly occurred in

16   trade or commerce within the meaning of RCW 19.86.010 and RCW 19.86.020.

17       63.    The acts complained of herein are ongoing and/or have a substantial likelihood

18   of being repeated.

19       64.    Med-Data's unfair or deceptive acts or practices impact the public interest

20   because they have injured Plaintiff and the Class members.

21       65.    As a direct and proximate result of Med-Data's unfair or deceptive acts or

22   practices, Plaintiff and the Class members have suffered injury in fact and lost money.

23       66.    As a result of Med-Data's conduct, Plaintiff and the Class members have

24   suffered actual damages including from fraud and identity theft, time and expenses related to

25   monitoring their financial accounts for fraudulent activity, an increased and imminent risk of

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  fraud and identity theft, the lost value of their personal information, and other economic and
2  non-economic harm.

3      67.    Plaintiff and the Class members are therefore entitled to legal relief against
4  Med-Data, including recovery of nominal damages, actual damages, treble damages,
5  injunctive relief, attorneys' fees and costs, and such further relief as the Court may deem
6  proper.

7      68.    Plaintiff and the Class members are also entitled to injunctive relief in the form
8  of an order prohibiting Med-Data from engaging in the alleged misconduct and such other
9  equitable relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order:

A.    Certifying this case as a class action, appointing Plaintiff as Class representative, and appointing Plaintiff's counsel to represent the Class;

B.    Entering judgment for Plaintiff and the Class;

C.    Awarding Plaintiff and Class members monetary relief;

D.    Ordering appropriate injunctive relief;

E.    Awarding pre- and post-judgment interest as prescribed by law;

F.    Awarding reasonable attorneys' fees and costs as permitted by law; and

G.    Granting such further and other relief as may be just and proper.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 12th day of April, 2021.

2                              TERRELL MARSHALL LAW GROUP PLLC

3                              By: /s/ Beth E. Terrell, WSBA #26759
4                                  Beth E. Terrell, WSBA #26759
                                   Email: bterrell@terrellmarshall.com
5                                  Ryan Tack-Hooper, WSBA #56423
                                   Email: ryan@terrellmarshall.com
6                                  936 North 34th Street, Suite 300
7                                  Seattle, Washington 98103-8869
                                   Telephone: (206) 816-6603
8                                  Facsimile: (206) 319-5450

9
                                   John Heenan, *Pro Hac Vice forthcoming*
10                                 Email: john@lawmontana.com
                                   Teague Westrope, *Pro Hac Vice forthcoming*
11                                 Email: teague@lawmontana.com
12                                 HEENAN & COOK
                                   1631 Zimmerman Trail
13                                 Billings, Montana 59102
                                   Telephone: (406) 839-9081
14

15                                 John A. Yanchunis, *Pro Hac Vice forthcoming*
                                   Email: jyanchunis@forthepeople.com
16                                 Ryan Maxey, *Pro Hac Vice forthcoming*
                                   Email: rmaxey@forthepeople.com
17                                 MORGAN & MORGAN
18                                 201 North Franklin Street, 7th Floor
                                   Tampa, Florida 33602
19                                 Telephone: (813) 223-5505
20                                 Michael F. Ram, *Pro Hac Vice forthcoming*
                                   Email: mram@forthepeople.com
21                                 711 Van Ness Avenue, Suite 500
                                   San Francisco, California 94102-3275
22                                 Telephone: (415) 358-6913
23                                 Facsimile: (415) 358-6923

24                                 *Attorneys for Plaintiff*

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com