UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE TOKARSKI, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>MED-DATA, INC.,<br><br>      Defendant. | CASE NO. 2:21-cv-00631-TL<br><br>ORDER GRANTING MOTION TO SEAL |

  This matter came before the Court on Plaintiff's Motion to File "Confidential" Documents Under Seal or In Open Court. Dkt. No. 45. Having reviewed the motion and associated documents (Dkt. Nos. 46, 47, 48, 54, and 55), for the reasons detailed below, the Court GRANTS the motion.

## I.  BACKGROUND

  On September 17, 2021, Defendant Med-Data, Inc., ("Med-Data") filed a motion to change venue. Dkt. No. 29. In opposition to that motion, Plaintiff Tokarski filed a response that referenced a document that Defendant maintains is confidential and should be protected from

ORDER GRANTING MOTION TO SEAL - 1

public exposure. *See* Dkt. Nos. 43, 54 and 55. In support of the filing, Plaintiff's attorney filed a declaration that had several attachments, including the document at issue. Dkt. No. 44-5 (redacted version); Dkt. No. 48 (sealed version). Though counsel conferred in advance, they were unable to agree to remove the confidentiality designation for this exhibit, and Defendant maintains that partial redaction of the exhibit would not alleviate the problem. Dkt. No. 45 at 1–2.

Defendant MedData notes that "[p]reventing disclosure of confidential business information is a compelling reason that warrants keeping documents under seal." Dkt. No. 54 at 2. The exhibit at issue (Exhibit 5) includes two pages from a report by a third-party cybersecurity consultant, and the report was generated in order to assess and analyze potential security threats to highly sensitive data and information that Defendant MedData stores. *Id*.; *see also* Dkt. No. 48. Defendant MedData avers that it has "remediated and retested" the security vulnerabilities Exhibit 5 identifies; nonetheless, it claims that hackers could potentially still use the information therein "to attack MedData's cybersecurity systems and measures." *Id*. Defendant MedData believes that public disclosure of Exhibit 5 could cause harm by exposing to public view the data security measures it takes to protect "highly sensitive" data about patients. *Id*. at 3.

II.   DISCUSSION

"In this circuit, we start with a strong presumption of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (internal citations omitted); *accord Kamakana v. Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178–79). Unlike motions to seal discovery motions—

ORDER GRANTING MOTION TO SEAL - 2

which are reviewed under a more liberal 'good cause' standard instead of the 'compelling reasons' standard that applies to dispositive motions—the appropriate sealing standard is higher for "motions that go to the heart of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). "Most litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access." *Id*. Though the Ninth Circuit has not explicitly decided which sealing standard applies to a motion to transfer venue under 28 U.S.C. § 1404(a), this Court will apply the more stringent 'compelling reasons' standard here, given that "the motion "affects the litigants substantive rights" and is "more than tangentially related to the underlying cause of action." *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *3 (N.D. Cal. Dec. 5, 2019) (holding that a 'compelling reason' must warrant sealing of a motion to transfer venue under 28 U.S.C. § 1404(a)).

A party seeking to seal judicial records must specify facts that causally connect the documents at hand to sufficiently compelling reasons that justify overriding the strong presumption favoring public access. *Trudel v. Am. Fam. Mut. Ins. Co.*, No. CV-12-1208-PHX-SMM, 2014 WL 11514215, at *1 (D. Ariz. Aug. 15, 2014) (internal quotation and citations omitted). In determining whether the presumption should be overridden, "the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (quoting *Warner Comm'ns*, 435 U.S. 589, 602 (1978)). On the one hand, courts seek to promote public understanding of the judicial process and of significant public events. *See, e.g., id*. On the other, a likelihood of "improper use" of the material would "[c]ounsel[] against such access." *Id*.

1    Where, as here, a protective order has been entered, an agreement of the parties to
2 maintain confidentiality of a document does not, on its own, establish a compelling reason to
3 seal. *See Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at *3 (N.D. Cal.
4 Aug. 21, 2017); *see also* Dkt. No. 42 (delineating protected health information and confidential
5 business information as protected). In the same vein, the mere likelihood of embarrassment,
6 incrimination, or exposure to litigation does not entitle a litigant to file a document under seal.
7 *Foltz*, 331 F.3d at 1136. However, a compelling reason may exist where "[n]either the public nor
8 collateral litigants have any apparent right to or interest in" a disclosure. *See id.* at 1138.

9    The harms Plaintiff Tokarski alleges in the instant case were brought about by a data
10 security breach. Dkt. No. 1-1 at 1. Defendant MedData alleges that Exhibit 5 contains
11 information that, if made publicly available, could undermine its current security measures. Dkt.
12 No. 54 at 2–3. There appears to be a non-trivial chance that filing any part of Exhibit 5 and
13 references to its contents in open court would make private information about patients vulnerable
14 to hackers. *Id.*; *see also* Dkt. No. 55 at 2 (By "provid[ing] hackers with information they can use
15 to attack MedData's cybersecurity systems and measures . . . . public disclosure of Exhibit 5
16 would present a security risk."). Even though the public has an interest in knowing what
17 Defendant MedData's security practices are (and indeed, how those have been improved since
18 the breach at issue), in this limited circumstance, the Court finds the risk of harm to many
19 individuals who are not currently parties to the litigation to be a compelling reason to override
20 the presumption of public access to judicial records. *See In re Google Location Hist. Litig.*, 514
21 F. Supp. 3d 1147, 1163 (N.D. Cal. 2021) (acknowledging that information about "specific
22 vulnerabilities . . . [to hacking] is sealable under the compelling reasons standard") (internal
23 citations and emphasis omitted); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-
24 03078-JSC, 2015 WL 3993147 at *6 (N.D. Cal. June 30, 2015) (finding a 'compelling reason' to

support request to seal portions of an exhibit that discussed a party's network infrastructure and security systems where disclosure of that information could "encourag[e] another cyber attack").

### III.  CONCLUSION

The motion to seal (Dkt. No. 45) is GRANTED. Dkt. Nos. 47 and 48 shall remain sealed. The redacted versions of those documents (Dkt. Nos. 43 and 44-5) shall remain on the docket.

IT IS SO ORDERED.

Dated this 8th day of March 2022.

Tana Lin
United States District Judge